MAHIN v. PFEIFFER and another.

*(Circuit Court, S. D. Iowa.  June Term, 1886.)*

CONSTITUTIONAL LAW — FOURTEENTH AMENDMENT — DESTROYING LEASEHOLD PROPERTY OCCUPIED FOR SALOON—DUE PROCESS OF LAW.

Where a lease was made of premises to be occupied for the purpose of the sale of ale, wine, and beer, containing a clause that the lease should be forfeited unless so occupied, and before the expiration of the term of said lease the act of the legislature of Iowa was passed and went into effect prohibiting the sale of ale, beer, etc., and imposing penalties for violating said law, *held,* that these circumstances presented a federal question, within the principles of *State* v. *Walruff,* 26 Fed. Rep. 178, and that there is no difference between the destruction of leasehold property and any other kind of property by retrospective legislation, without compensation.

In Equity.

*D. C. Cloud,* for plaintiff.

*H. J. Lauder,* for defendant.

LOVE, J.  This is a removal case from Muscatine county, Iowa. The plaintiff moves to remand.  The proceeding is by petition in equity, under the Iowa prohibition law.  The petition contains a prayer for an injunction, and for general relief.  It is charged in the petition that the saloon in question is a public nuisance, and, if this allegation be sustained, the same may be, under the prayer for general relief, abated by a decree of the court.  The complainant makes both the saloon keeper and the owner of the property leased for that purpose defendants, and prays for relief against both of them.  In this, as in all removal cases, the court must look primarily to the petition for removal for the facts which give this court jurisdiction. The reason of this rule, with its limitations, is fully set forth in *Clarkhuff* v. *Wisconsin, I. & N. R. Co.,* 26 Fed. Rep. 465.

Turning to the petition for removal, we find it alleged that the matter in controversy exceeds in value $500; that prior to July 4, 1884, when the recent prohibitory law took effect, the defendant Pfeiffer was engaged in the lawful occupation of selling, at retail, beer and wine, the sale of which was not then prohibited by law, upon the premises described in the plaintiff's petition; that by the recent act, which took effect as above stated, it was enacted that any person engaged in selling ale, wine, or beer, as a beverage, should, upon conviction, be punished by fine or imprisonment, as provided in said law; that prior to the passage of said act of July 4, 1884, defendant Pfeiffer had leased the premises in question for a term extending beyond the said fourth day of July, 1884, for the express purpose of occupying the same as a saloon wherein to sell ale, wine, and beer, and for no other purpose; that by the terms of his lease he was prohibited from using the same for any other purpose; that prior to the passage of the act of 1884 he had, at great expense, procured proper

fixtures and furniture for carrying on said business, and had placed the same in said premises; that the same are fitted and adapted to said business, and no other business whatever; that if this action prevail, the same will be of no value whatever, to the great damage of said defendant; that the defendant's lease has not yet expired, and is to continue a number of years; that said leasehold is of far greater value than the sum paid for it; and that if the present action be sustained said defendant will be greatly damaged in consequence of his deprivation of said leasehold; and that the good-will of said defendant's business, the result of his labor and industry, which is of great value, will be destroyed.

From this statement it appears that before the act of 1884 the petitioner leased property for a purpose which was at that time lawful; that by the terms of his lease, if it be not used for that purpose, the same may be forfeited; that by the present proceeding, in pursuance of a retrospective law, providing for no compensation, his leasehold will be rendered valueless, and in effect destroyed, if the same shall be used for a purpose which was lawful when it was made.

If these facts be not true, they can be controverted here by a plea in abatement to the jurisdiction, and, if the issue on that plea be found for the plaintiff, the cause will be remanded. But upon this motion the jurisdictional facts thus stated being taken as *prima facie* true, the question is, do they raise a federal question within the doctrine of *State* v. *Walruff*, 26 Fed. Rep, 178? The question is not what the decision of this court would be upon the merits of the controversy, but whether jurisdictional facts exist which entitle the removing party to a hearing in this tribunal. Is there any substantial difference between the destruction of leasehold property and any other kind of property by retrospective legislation without compensation? If there is not, I can see no distinction in principle between the present case and the case of *State* v. *Walruff*.

Pfeiffer, the lessee, and Weir, the owner of the leased premises, unite in the petition for removal. Weir leased his property for what was at the time a perfectly lawful purpose. It seems, by the averments of the petition, that he restricted its use to that purpose, and this he had a right to do. Before the expiration of the lease the legislature saw fit to declare that purpose no longer lawful, and to provide heavy penalties and destructive proceedings to prevent the use of the property for the purpose designated in the lease. In a word, the legislature denounced as a nuisance what had been the lawful business for which the property was leased. It is not the purpose of the court at this time to decide whether or not the legislature of Iowa had the power to destroy the vested right of Weir in his lease by a retrospective act, without compensation. The only question now before the court is whether or not the case presents a federal question, within the case of *State* v. *Walruff*.

Weir, the owner of the property, had no control of it when this suit

was commenced. He had leased it before the act of 1884 for a lawful purpose, and the term of the lease had not expired. He had, by the terms of the lease, according to the statements of the removal petition, restricted the use of the property to the sale of ale, wine, and beer. This restriction was probably imposed to prevent the tenant from selling such intoxicants as brandy, whisky, and the like, which might have exposed the property itself to severe penalties. I do not see how Weir could have controlled the tenant in the use of the property so long as the latter used it for the purposes, and none other, prescribed in the lease. Yet, under the provisions of the act of 1884, the building itself, as well as its furniture and fixtures, may be declared a nuisance, and dealt with as such, according to the severe provisions of that act, and of the subsequent amendatory act of 1886. It seems to me that the case is within the principles laid down in the case of *State* v. *Walruff*.

Motion to remand overruled.